39310.   O'QUINN v. O'QUINN.

FRANKUM, Judge.   Lillian Lorraine O'Quinn, the former wife of Robert Harris O'Quinn, now divorced, brought a proceeding under the Uniform Reciprocal Enforcement of Support Act (Ga. L. 1958, pp. 34, 47; *Code Ann. Ch.* 99-9A), against said Robert Harris O'Quinn, hereinafter referred to as respondent, for support of their two minor children, and the court ordered the respondent to pay $80 per month for support.   The respondent appealed to the Supreme Court. The Supreme Court transferred the case to this court.   See *O'Quinn v. O'Quinn*, 217 Ga. 431 (122 SE2d 925).   The only contention raised by respondent is that, under the facts of the case, there was an abuse of judicial discretion by the court in rendering the judgment in the amount aforesaid. *Held:*

The uncontradicted evidence in this case shows that the respondent received $217 per month as a disability compensation from the United States Government.   The respondent has a chronic heart condition which prevents him from expending much exertion.   All evidence concerning the respondent's physical handicap goes to show that the respondent is unable to earn more than his disability pension.   The court found that the respondent could earn only $217 per month.

He testified that his expenses per month were $45 for rent, $10.50 for utilities, $78 for groceries, medicines, etc., $6.28 for clothing, and $40 automobile expenses, totaling $179.78. While he testified that his physical condition required the maintenance of an automobile as transportation to and from Hunter Air Force Base where he received medical treatment, he also testified that he could ride a bus to Hunter Air Force Base, and that if he moved nearer to the Hunter Air Force Base, he could do without a car with less inconvenience. These facts were addressed to the discretion of the trial judge, but the facts do not demand a finding that the respondent must have the use of an automobile.

We are of the opinion that his case is one where an award in any amount works a hardship on the parties because of insufficient earning capacity of the respondent to allow adequate support for respondent and his minor children.   The facts presented a question for judicial discretion, and we

cannot say that, as a matter of law, the trial court abused such discretion in awarding $80 out of a monthly income of $217. The effect of this order leaves a balance of $137 per month to the respondent which is the approximate amount of the respondent's living expenses excluding the expense of operating his automobile.

Judgment affirmed. *Nichols, P. J., and Jordan, J., concur.*

DECIDED JANUARY 25, 1962.

*Josephine M. Plunkett, Gilbert E. Johnson,* for plaintiff in error.

*Andrew J. Ryan, Solicitor-General, Sylvan A. Garfunkel,* contra.